IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01463-BNB

ROY J. MAIN,

    Applicant,

v.

WARDEN RAE TIMME,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

    Applicant, Roy J. Main, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Main initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that was not signed. On June 24, 2013, Mr. Main filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that is signed.

    The court must construe the amended application liberally because Mr. Main is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Main will be ordered to file a second amended application if he wishes to pursue any habeas corpus claims in this action.

    Mr. Main asserts three claims for relief in the amended application, each of which

appears to stem from a determination by prison officials that Mr. Main is not in compliance with recommended programming because he is not participating in a sex offender treatment program.  Mr. Main alleges in his first claim that he has been denied placement in community corrections because he is not program compliant.  He alleges in his second claim that he has been denied placement in a lower security prison facility because he is not program compliant.  He alleges in his third claim that he has been denied a higher paying prison job because he is not program compliant.  According to Mr. Main, he can not be punished for his failure to participate in the voluntary sex offender treatment program.

The court has reviewed the amended application and finds that two of these claims, and perhaps all three, are not proper in a habeas corpus action.  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions).  "It is well-settled that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens* . . .– not through federal habeas proceedings."  *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

Mr. Main's second and third claims in the amended application, which challenge his eligibility for placement in a lower security prison facility and his eligibility for a higher paying prison job, raise issues regarding the conditions of his confinement.  If Mr. Main

wishes to pursue these claims, he must do so in a separate civil action pursuant to 42 U.S.C. § 1983.  The court will not allow Mr. Main to avoid the filing fee for a § 1983 action by permitting him to pursue conditions of confinement claims in a habeas corpus action.

Mr. Main's first claim for relief in the amended application, in which he alleges that he has been denied placement in community corrections, appears to present a claim that may be cognizable in federal habeas corpus proceedings.  However, it is not clear whether Mr. Main's first claim for relief is a cognizable habeas corpus claim because he fails to allege specific facts in support of the claim that demonstrate he is entitled to habeas corpus relief.  In particular, Mr. Main fails to provide specific factual allegations in support of his claim that he has been denied placement in community corrections, including the date on which he was denied placement in community corrections.

Therefore, Mr. Main must file a second amended application that clarifies the claim he is asserting if he wishes to pursue a habeas corpus claim in this action. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action pursuant to § 2241, Mr. Main must identify the specific federal constitutional claim he is asserting and he must provide specific factual allegations in support of that claim.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show

cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Main file a second amended application that clarifies the habeas corpus claim he is asserting in this action.  It is

FURTHER ORDERED that Mr. Main shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Main fails within the time allowed to file a second amended application as directed, the action will be dismissed without further notice.

DATED June 26, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge